TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
CHRIS S. BULUT (Cal. Bar No. 352016)
Assistant United States Attorney
General Crimes Section
      1200 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-6738
      Facsimile: (213) 894-0141
      E-mail:    chris.bulut@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                 UNITED STATES DISTRICT COURT

             FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-cr-00803-WLH |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | Hearing Date: July 17, 2026<br>Hearing Time: 9:00 a.m. |
| ANTHONEY EDWARD ROSALES, | Location:   Courtroom of the<br>            Hon. Wesley L. Hsu |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Chris S. Bulut, hereby files its sentencing memorandum for defendant ANTHONEY EDWARD ROSALES ("defendant").

//

//

This memorandum is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigative Report (Dkt. 59 ("PSR")), and such further evidence and argument as the Court may permit.

Dated: July 1, 2026                    Respectfully submitted,

                                           TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

JENNIFER L. WAIER
Chief Assistant United States
Attorney
Chief, Criminal Division


                    /s/
CHRIS S. BULUT
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

On August 17, 2025, defendant forcibly spat on Federal Protective Service ("FPS") Officer R.L. during a protest that took place near the parking garage entrance of the Roybal Federal Building and U.S. Courthouse ("Roybal") in Los Angeles.  (PSR ¶¶ 17, 18.)

On February 26, 2026, defendant entered into a Rule 11(c)(1)(C) plea agreement, where defendant pled guilty to Simple Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1), a Class A Misdemeanor.  (Dkt. 54.)  The plea agreement noted that defendant would recommend a sentence of home confinement of no less than 30 days[1], and not seek, argue for, or suggest in any way, either orally or in writing, that the Court impose any sentence of less than 30 days of home confinement.  (Id. at 3.)  In addition, the plea agreement contemplated that the Court would impose a sentence of no less than 30 days home confinement and a term of imprisonment no higher than the low end of the applicable Guidelines range, a one-year period of supervised release, a fine between $100 and $4,000, and a $25 special assessment.  (Id. at 7-8.)

For the reasons set forth below, the government respectfully recommends that the Court impose the low-end of the sentence contemplated by the Rule 11(c)(1)(C) plea agreement:

- Time served[2];
- One-year of supervised release, with a 30-day home confinement condition;

---

[1] Home confinement would be a condition of either probation or supervised release.

[2] Defendant spent about 11 days in custody.

- $1,000 fine; and

- $25 special assessment.

This sentence is sufficient, but not greater than necessary, to comply with 18 U.S.C. § 3553(a).  It reflects the seriousness of an assault on a federal law enforcement officer, promotes respect for the law, affords adequate deterrence, and protects the public -- while fully crediting defendant's minimal criminal history and his acceptance of responsibility.

## II.   STATEMENT OF FACTS

On August 17, 2025, a group of protesters gathered near the parking garage entrance of Roybal, located in Downtown Los Angeles. (PSR ¶ 17.)  Defendant was outside the vehicle gates that led into the Roybal parking garage.  (Id.)  Defendant then forcibly spat on FPS Officer R.L., with defendant's saliva striking Officer R.L.'s leg.  (Id. ¶ 18.)  At the time defendant spat on Officer R.L., Officer R.L. was performing his official duties with FPS.  (Id.)

## III. SENTENCING GUIDELINES CALCULATION

The government agrees with the PSR's Guidelines calculation. The total offense level is 11, and the criminal history category of defendant is I.  (PSR at 3.)  The calculation is as follows:

- Base offense level of 10, pursuant to U.S.S.G. § 2A2.4(a);

- +3 because the offense involved physical contact, pursuant to U.S.S.G. § 2A2.4(b)(1);

- -2 for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a).

(Id.)

Defendant falls in Criminal History Category I and has one criminal history point.  (Id. at 3, ¶ 41.)  The advisory Guidelines

2

range is eight to 14 months.  However, because the statutory maximum sentence for a violation of 18 U.S.C. § 111(a)(1) is 12 months, the operative Guidelines range is eight to 12 months.  U.S.S.G. § 5G1.1(c)(1); (PSR ¶ 97.)

**IV.   GOVERNMENT'S RECOMMENDATION**

The government respectfully requests a three-level downward variance under the 3553(a) factors.

Defendant's conduct is serious.  He spat on a FPS officer doing his job.  However, in determining the appropriate sentence, the Court must consider any mitigating factors that exist in defendant's personal history and characteristics.  See 18 U.S.C. § 3553(a)(1).

Defendant has addiction issues related to narcotics, alcohol, and nitrous oxide that have caused most of his problems.  (PSR ¶¶ 72, 73, 74.)  Defendant's use of nitrous oxide contributed to his commission of the assault on Officer R.L.  (Id. 74.)  However, defendant is currently receiving substance abuse treatment and attends Alcoholics Anonymous meetings.  (Id. ¶ 76.)

Accordingly, defendant's limited criminal history, acceptance of responsibility, and commitment to improving himself supports a three-level variance based on the 3553(a) factors.

A three-level downward variance would drop the total offense level to eight, which leads to a Guidelines range of 0 to six months.  Balancing the aggravating and mitigating factors, the totality of circumstances supports imposing a sentence of time served, followed by one year of supervised release, with a 30-day home confinement condition; a $1,000 fine; and $25 special assessment.  Such a sentence would be sufficient, but not greater than necessary, to meet the sentencing goals set forth in 18 U.S.C. § 3553(a).

**V.    CONCLUSION**

For the foregoing reasons, the government respectfully recommends that defendant be sentenced to:

- Time served;
- One year of supervised release, with a 30-day home confinement condition;
- $1,000 fine; and
- $25 special assessment.

This sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

4